UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-60049-CR-ALTMAN/HUNT

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHAKEEM HILL,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the undersigned on an Order of Reference (ECF No. 16) from United States District Judge Roy K. Altman, for the purpose of conducting a proceeding for acceptance of a guilty plea by Defendant Shakeem Hill in the above-referenced case. The undersigned, having conducted a Change of Plea hearing on May 17, 2021, recommends to the District Court as follows:

1. On May 17, 2021, the undersigned held a hearing via video conference (Zoom) to permit Defendant, Shakeem Hill, to enter a change of plea. At the outset of the hearing, the undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, Defendant was advised that the Change of Plea hearing was being conducted on an Order of Reference from the District Judge, at the request of Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case. The undersigned further advised

Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

2. Defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to the undersigned conducting the Change of Plea hearing.

3. Defendant also orally consented to holding the hearing by video conference. (ECF No. 19). Both Parties agreed that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution that they were eager to finalize, and they did not want to further delay the matter. The Parties are particularly interested in completing this case prior to Defendant's next appearance in a related state case, as discussed below. Accordingly, pursuant to S.D. Fla. Administrative Order 2021-20 and previous related administrative orders, the undersigned finds that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice.

4. The undersigned conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

5. The Parties have entered into a written Plea Agreement. ECF No. 17. The undersigned reviewed the Plea Agreement on the record and had Defendant acknowledge that he (electronically) signed and understood the Plea Agreement. The

undersigned also made certain that Defendant was aware of any applicable mandatory minimum sentences (there is a five-year mandatory minimum sentence as to Count 3, and a five-year mandatory consecutive sentence as to count 4) and statutory enhancements (there are none other than as stated above).   Defendant was advised of the maximum sentence that could be imposed in this case pursuant to the Plea Agreement and the applicable statutes.   Defendant acknowledged that he understood the possible maximum penalties (including fines, supervised release, restitution, forfeiture, and special assessments) that could be imposed in this case.

6.   Defendant pleaded guilty to counts one, three, four and five of the five-count Information, which charges him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C) (Count 1); possession with intent to distribute fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B) (Count 3); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 5).   The Government will move to dismiss Count 2 at sentencing.   Defendant was advised of his right to require the Government to seek an indictment.   He knowingly, intelligently, and voluntarily waived this right, orally and in writing (ECF Nos. 13, 19), and agreed to proceed by information.   Defendant also consented to the forfeiture count in the Information and waived all constitutional and other defenses to forfeiture, as well as any right to appeal any forfeiture order.   While not a part of the written plea agreement, Defendant and both counsel have an understanding that state authorities will drop charges related to the offense conduct described in Count 1 after

sentencing in this case. Defendant understands that this is not part of his plea agreement in this case, and any such understanding is in no way binding on the Court, and that this Court has no authority over any state prosecution.

7. The Plea Agreement contains a waiver of appeal, which the undersigned discussed with Defendant on the record. Defendant acknowledged in response to the undersigned's questions that by entering into the Plea Agreement containing the appeal waiver, he was waiving or giving up all rights to appeal his conviction and any sentence imposed by the District Court in this case, including restitution and forfeiture, except under the limited circumstances set forth in the appeal waiver provisions in the Plea Agreement. The undersigned finds that Defendant entered into this waiver knowingly, intelligently, and voluntarily.

8. The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 18), which includes all the essential elements of the crimes to which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable. Defendant acknowledged on the record that he had read and (electronically) signed the written proffer and agreed that the facts set forth in the proffer were true and accurate, and that the proffer included the essential elements of the offenses to which he is pleading guilty, including a specific acknowledgement that Defendant knew at the time of the firearm-possession offense alleged in Count 5 that he had a prior felony conviction.

9. The undersigned advised Defendant about the possible immigration and other collateral consequences of his guilty plea.

10. Defendant expressed satisfaction with his counsel's representation.

11. Based on all the foregoing and the plea colloquy, the undersigned recommends to the District Judge that Defendant, Shakeem Hill, be found to have freely and voluntarily entered his guilty pleas to four counts of the five-count (plus forfeiture) Information as more particularly described herein and that he be adjudged guilty of these offenses.

12. A Presentence Investigation Report (PSI) will be prepared for the District Court by the United States Probation Office. **Sentencing has been set for August 5, 2021, at 11:00 a.m. in Fort Lauderdale Courtroom 207A before the Honorable Roy K. Altman, United States District Judge.** The Parties were advised of this date and time. Defendant's oral consent to proceed by video conference applies to the change of plea hearing only and does not waive his right to be present in court at sentencing unless additional findings are made by the District Judge.

Accordingly, the undersigned RECOMMENDS that Shakeem Hill's pleas of guilty be accepted, that Defendant be adjudged guilty of the offenses to which he has entered his pleas of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).  **The undersigned requested that counsel promptly file a notice of non-objection if they have no objections to the Report and Recommendation.**

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 17th day of May, 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Roy K. Altman
U.S. Probation
All counsel of record